# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOSEPH ROBERT WOODS,            Case No. 1:12-cv-354
    Plaintiff,

                                         Dlott, J.
    vs.                                Bowman, M.J.

MARK PENN, et al.,                    **REPORT AND**
    Defendants.                      **RECOMMENDATION**

Plaintiff, an inmate at the Federal Correctional Institution in Bradford, Pennsylvania, brings this complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by defendants Mark Penn, Barry Creighton, John Dunn, John Schadle, and unknown officers. (Doc. 1). Plaintiff has paid the full filing fee. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for

frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

2

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that defendant Mark Penn, a Clermont County Sheriff's Office Deputy, falsely claimed to have received information from plaintiff regarding the location of the body of a missing woman. (Doc. 1, p. 3). Plaintiff further alleges that Penn informed Brown County Deputy Creighton, Chief Deputy Dunn, and Sergeant Schadle of the "accumulated information from the investigation." *Id.* According to plaintiff, Penn falsely indicated that he met with plaintiff on several occasions; that plaintiff informed Penn of the location of the body; that plaintiff indicated that he sold another individual a backhoe to bury the body; and that plaintiff escorted Penn to the location of the body on one occasion. *Id.* at 3-4. Based upon this information, plaintiff alleges that defendants Penn and Creighton obtained a search warrant to search for the body. *Id.* at 4-5.

Plaintiff claims that he never provided Penn or any other defendant with the whereabouts of any missing person. *Id.* at 5. He avers that he only encountered Penn on August 8, 2004, at the Clermont County Jail, months after the warrant to search the property was apparently issued. *Id.* On or about May 3, 2004, plaintiff also claims to have been questioned by defendant Schadle at the Hamilton County Justice Center. *Id.* Plaintiff maintains that he informed defendants that he had no information concerning the missing person and never traveled with defendant Penn to the supposed location of a missing person's body. *Id.* Plaintiff claims that "he has never at anytime provided any information or worked as an informant in any capacity for any police agency; specifically, Clermont County drug unit or Clinton County Sheriff['s] department, as described by defendant Mark Penn in his affidavit to acquire a search warrant."

3

*Id.* at 6.

Based on the above factual allegations, plaintiff brings a number of claims alleging that defendants violated his Eighth Amendment rights. Plaintiff first alleges that defendant Penn's false statements regarding plaintiff were "libelous and pernicious to plaintiff's character; thus causing injury to his reputation and exposing him to public scorn, contempt, ridicule, shame and disgrace amongst those of his peers, family, neighbors, and friends; in violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment." *Id.*

In his second cause for action, plaintiff alleges that Penn's "conveyance of slander to other parties" was done with actual malice, negligence, and with a reckless disregard of the truth, also in violation of his Eighth Amendment rights. *Id.* at 6-7.

Third, plaintiff alleges that Penn's comments subjected him to unnecessary and wanton infliction of pain from other prisoners. *Id.* at 7. He alleges that Penn "placed plaintiff in a serious situation to be murdered or harmed badly; since one who operates in his capacity as an officer of the law could infer that by falsely labeling plaintiff as a reliable informant; he totally disregarded plaintiff's well being and the fact that plaintiff would be subjected to harm." *Id.*

In his fourth cause for action, plaintiff alleges that defendants' "willful misconduct of obtaining a search warrant based on falsity was done so with malicious purpose, in bad faith, and in a wanton reckless manner." *Id.* He alleges that defendants "disregarded plaintiff's well being and the fact that plaintiff would be subjected to harm," in violation of his Eighth Amendment rights. *Id.*

In count five, plaintiff alleges that defendants abused the legal process for an illegitimate purpose in obtaining a search warrant based on false information. *Id.* at 8. As a result, plaintiff

claims that defendants violated his Eighth and Fourth Amendment rights. *Id*.

Finally, in count six, plaintiff brings a claim of intentional infliction of emotional distress. He further alleges that defendants destroyed his relationships with others. *Id.*

As an initial matter, it appears clear from the face of the complaint that it is time-barred. A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien,* 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen,* No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, plaintiff's allegations against the named defendants all concern conduct that occurred in 2004, when defendants falsely named plaintiff as an informant and used his alleged cooperation to obtain a search warrant. Therefore, the complaint under § 1983, filed approximately eight years later, is time-barred.

Plaintiff has also failed to state an Eighth Amendment claim under § 1983 against the defendants in their individual capacities. To state an Eighth Amendment claim, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although plaintiff has alleged that defendants' conduct "would in all probability result in great harm to plaintiff," he has not made any allegation suggesting that he has been threatened or harmed as a result of defendants' conduct. *See Thompson v. Mich. Dept. of Corrections*, 25 F. App'x 357, 359 (6th

Cir. 2002) (affirming dismissal upon initial screening where plaintiff's "claim that he was endangered by being labeled as snitch was unsupported by any allegation of resultant harm"); *Jackson v. Peterson*, No. 96-1144, 1996 WL 636180, at *1 (6th Cir. Oct. 30, 1996) (finding no merit to an Eighth Amendment claim where plaintiff failed to show he was attacked or threatened after being labeled a snitch); *Spotts v. Hock*, No. 10-353-GFVT, 2011 WL 676942, at *3 (E.D. Ky. Feb. 16, 2011) (collecting cases). Accordingly, plaintiff's allegations are insufficient to state a claim under the Eighth Amendment.

Finally, to the extent plaintiff seeks to raise state law claims for defamation or intentional infliction of emotional distress, pendent jurisdiction should not be exercised to consider the state-law claims because plaintiff has failed to state a viable federal claim. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well").

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal because it is time-barred. In addition, the complaint should be dismissed because plaintiff has failed to state a viable federal claim for relief under 42 U.S.C. § 1983.

**IT IS THEREFORE RECOMMENDED THAT** the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOSEPH ROBERT WOODS,  Case No. 1:12-cv-354
    Plaintiff,

    vs.  Dlott, J.
      Bowman, M.J.

MARK PENN, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).